UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JARED M. WILLIAMS, ET AL.** | : | **CASE NOs. 2:17-cv-1120 (lead) and 2:18-cv-821 (member)** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **AGUSTIN FENTANES** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion for Partial Summary Judgment [doc. 27] filed by defendant George Obey and seeking judgment on the issue of liability. Defendant Agustin Fentanes opposes the motion. Doc. 34. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

### I.
#### BACKGROUND

This suit arises from a car accident that occurred on July 16, 2017, in Jefferson Davis Parish, Louisiana, between plaintiffs Jared M. Williams and George Obey and defendant Agustin Fentanes. Williams alleges that he was driving a 2013 Honda Accord on Interstate 10, with Obey as his passenger, and had stopped due to heavy traffic when he was rear-ended by an 18-wheeler driven by Fentanes. Doc. 1, att. 4, pp. 1–2. Williams filed suit against Fentanes; his employer, Quality Carriers, Inc. ("Quality"); and Quality's insurer in the 31st Judicial District Court, Jefferson Davis Parish, Louisiana. *Id.* at 1–5. There he asserted that the accident was caused by Fentanes's negligence and that he had suffered injury as a result. *Id.* Obey filed a separate suit against the same defendants, and defendants removed both cases to this court on the basis of

diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1; *see Obey v. Fentanes*, 18-cv-0821, doc. 1 (W.D. La.). After removal the court consolidated the two cases at defendants' motion, under the instant case number. Docs. 23, 24.

Obey now moves for summary judgment on the issue of liability, asserting that Fentanes was negligent and completely at fault for the accident. Doc. 27; doc. 27, att. 1. Fentanes opposes the motion. Doc. 34.

## II.
### SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 106 S.Ct. at 2511 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110 (2000). The court is also required to view all evidence in the light most favorable to the non-

moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
### APPLICATION

Because this is a diversity action, the substantive law of the forum state applies. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Under Louisiana law, a driver may not follow another vehicle "more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." La. Rev. Stat. § 32:81(A). Accordingly, Louisiana courts uniformly recognize a rebuttable presumption "that a following motorist in a rear-end collision . . . [has] breached the standard of care prescribed [under Louisiana law] and hence is . . . negligent." *Mart v. Hill*, 505 So.2d 1120, 1123 (La. 1987). The following motorist can rebut this presumption if he shows "that he had his vehicle under control, closely observed the lead vehicle and followed at a safe distance under the circumstances." *Ebarb v. Matlock*, 69 So.3d 516, 520–21 (La. Ct. App. 2d Cir. 2011). "The following motorist may also avoid liability by showing that the lead motorist created a hazard which could not reasonably be avoided." *Id.* at 521.

### A. *Admissibility of police report*

Obey maintains that summary judgment is appropriate because the police report from the accident reflects the officer's conclusion that Fentanes was at fault. The report in question was prepared by Officer Shaune Maynard and contains the following summary:

> On Sunday, July 16, 2017, I, Tfc. Maynard was on Interstate 10 Milepost 61 when I was notified of a minor crash that occurred behind me. I located two vehicles with very minor damages.

>  Contact was made with driver # 1 who stated he was stopped behind vehicle # 2 prior to the crash. He stated traffic began to move [then] it began to come to a stop again. He stated he began to stop when his load shifted on him causing him to strike vehicle # 2 on the rear back bumper.
>  Contact was made with driver # 2 who stated he was stopped due to traffic when he was struck from behind by vehicle # 1. He stated vehicle # 1 struck him 3 times at a very low speed.
>  My on-scene investigation revealed that both vehicles were traveling east on Interstate 10 prior to the crash. Due to traffic stopping in front of them, vehicle # 2 came to a complete stop when it was struck by vehicle # 1 causing very minor damage. Driver # 1 was not cited but found to be in violation for Following [Too] Close.

Doc. 27, att. 7, p. 6. In his response Fentanes asserts that the court may not consider this report because it is unauthenticated and contains inadmissible hearsay. Doc. 34, pp. 3–4.

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Authentication may be accomplished through testimony of a witness with the knowledge that the document is what it is claimed to be. *Id.* at 901(b). Obey attaches a transcript of Maynard's deposition transcript to his reply memorandum, in which Maynard appears to identify the report and affirms his role in creating it. *See* doc. 37, att. 2, pp. 6–7. This is sufficient to authenticate the report.

As for the hearsay argument, accident reports do constitute hearsay under Federal Rule of Evidence 801(c) because they are out-of-court statements offered for the truth of the matter asserted. They may nonetheless be admissible under Rule 803(8)(C), an exception to the hearsay rule applicable to public records. *E.g.*, *Letsinger v. Stennette*, 2014 WL 4809814, at *4 (W.D. La. Sep. 26, 2014). In civil cases, this exception applies to the officer's firsthand observation but does not extend to his opinions and conclusions about the cause of the accident or to statements made by others that are contained within the report. *Id.*; *Iglinsky v. Player*, 2010 WL 4925000, at *5 (M.D. La. Jul. 16, 2010); *report and recommendation adopted*, 2010 WL 4905984 (M.D. La. Nov.

24, 2010). In his deposition Maynard admitted that he did not witness the accident and instead based his conclusions on the drivers' statements and the fact of a rear-end collision between the vehicles. *See* doc. 37, att. 2, pp. 10–18. The portions of Maynard's accident report relating to the identity of the vehicles and parties, as well as the fact of a rear-end collision resulting in minor damage to both vehicles, are therefore admissible under Rule 803(8)(C). However, any conclusions about Fentanes's level of fault and the statements recorded from the drivers must be excluded to the extent they are offered to prove causation of the accident.

### B. *Merits of summary judgment motion*

In addition to the admissible portions of the accident report, supra, and Maynard's testimony, Obey relies on his own account of the accident as recorded in a recent deposition. *See* doc. 27, att. 6. In the excerpt provided, Obey states that traffic was stopping and starting, and that "all of a sudden an 18-wheeler hit us from the back three times." *Id.* at 2–3. Obey's evidence is sufficient to invoke the presumption that Fentanes's negligence caused the accident. Fentanes, however, provides significant probative evidence in support of his ability to rebut that presumption. As Fentanes points out, Obey maintains that traffic, including their vehicle, was moving when the collision occurred while the driver of that vehicle, Williams, asserts that they were at a stand-still.[1] *Compare* doc. 34, att. 2, pp. 72–73, 80, *with* doc. 34, att. 3, pp. 60–64, 99.

---

[1] Obey later attempted to change his account, providing an errata sheet entry that changed his response to the question "How fast do you think y'all were going when the impact happened in the rear?" from his initial response of ten to fifteen miles per hour to "[W]e were not moving at all." Doc. 34, att. 6; *see* doc. 34, att. 2, p. 80. As reason for this change he offered only that he had not fully thought about the question, though he stated at other places in the same interview that they were not stopped and that he was "pretty sure" they were moving when the collision occurred. Doc. 34, att. 6; doc. 34, att. 2, p. 73. Additionally, as Fentanes points out, Obey also told medical providers on the day of the accident that he was "in slow traffic going 10 mph" when rear-ended. Doc. 34, att. 7. In his written discovery responses Obey also asserted that he believed that Fentanes had fallen asleep and that Williams honked multiple times as he saw Fentanes's vehicle approaching behind them. Doc. 34, att. 8. He abandoned this theory at his deposition, however, and maintained that the impact was a surprise. Doc. 34, att. 2, pp. 70–73.

Meanwhile, Fentanes provides a declaration in which he states that the traffic was stop-and-go at the time of the accident. Doc. 34, att. 4. He further states that he released his brake, but did not accelerate, as the plaintiffs' vehicle began to move again, and then applied his brakes as the plaintiffs came to a sudden stop. *Id.* Finally, he states that the weight of his load pushed his vehicle forward, resulting in a single impact with the plaintiffs' vehicle – not three, as described by Obey. *Id.* Obey provides nothing to refute this account, outside of the vehicle occupants' conflicting accounts of the accident and the officer's conclusions based on after the fact observation and driver statements.

Given the fact that Maynard did not witness the accident and that his conclusions were based on weighing the conflicting accounts of the witnesses (later contradicted by Obey's own account), his reiteration at the deposition that Fentanes was the "sole cause" for the accident is insufficient to overcome the gaps in the evidence. *See* doc. 37, att. 2, p. 13. Genuine issues exist as to whether Fentanes was driving with due care during the accident and whether the other vehicle might have contributed to the collision by stopping too suddenly, making summary judgment inappropriate. We do not address Fentanes's assertion that plaintiffs have failed to prove the causation of their injuries, which is outside the scope of Obey's motion.

## IV.
### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion for Partial Summary Judgment [doc. 27] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and

Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 18th day of March, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE